

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2009 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. **CR09-00978** |
| Plaintiff, | ) | <u>I N D I C T M E N T</u> |
| v. | ) | [18 U.S.C. § 1349: Conspiracy to Commit Health Care Fraud; 18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2(b): Causing an Act to be Done] |
| AJIBOLA ADEKEUNLE SADIQR, aka Jibson Sadiqr, MARIA NELA MORENO, | ) ) ) ) | |
| Defendants. | ) | |

The Grand Jury charges:

<u>COUNT ONE</u>

[18 U.S.C. § 1349]

A. <u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this Indictment:

<u>The Conspirators</u>

1.  Defendant AJIBOLA ADEKEUNLE SADIQR ("SADIQR"), also known as ("aka") Jibson Sadiqr, owned and operated a durable medical equipment ("DME") supply company called Cooper Medical Supply ("Cooper"). SADIQR submitted applications to Medicare to

obtain and maintain a Medicare provider number for Cooper.

2. Cooper's offices were located at 7210 Remmet Avenue, Canoga Park, Los Angeles, within the Central District of California.

3. Defendant MARIA MORENO ("MORENO"), aka Mary Gutierrez, aka Maria Gutierrez, recruited Medicare beneficiaries for Cooper.

4. Folorunsho Tosin Adeshina ("Adeshina") recruited Medicare beneficiaries for Cooper, generated and caused to be generated false and fraudulent prescriptions and other documents for power wheelchairs and other DME for Cooper, and delivered power wheelchairs and other DME to Medicare beneficiaries for Cooper.

5. Between on or about January 23, 2006, and on or about July 31, 2009, Cooper submitted to Medicare claims totaling approximately $828,835, resulting in Medicare payments to Cooper of approximately $452,241.97.

The Medicare Program

6. Medicare was a federal health care benefit program, affecting commerce, that provided benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.

7. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Each beneficiary was given a unique health identification card number ("HICN").

8. Medicare was subdivided into several parts, including Medicare Part B, which covered physician's services and DME, such as power wheelchairs and power wheelchair accessories.

9. DME companies, physicians, and other health care providers that provided medical services that were reimbursed by Medicare were referred to as Medicare "providers." In order to participate in the Medicare program, providers were required to submit an application in which the provider agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number," which was used for processing and payment of claims.

10. A health care provider with a Medicare provider number could submit claims to Medicare to obtain reimbursement for services rendered to beneficiaries.

11. Most providers, including Cooper, submitted their claims electronically pursuant to an agreement that they would submit claims that were accurate, complete, and truthful.

12. Medicare generally reimbursed a provider for DME only if the DME was prescribed by the beneficiary's physician, the DME was medically necessary to the treatment of the beneficiary's illness or injury, and the DME supplier provided the DME in accordance with Medicare regulations and guidelines, which governed whether a particular item or service would be reimbursed by Medicare.

13. CMS contracted with regional contractors to process and pay Medicare claims. The contractor that processed and paid

Medicare DME claims in Southern California during the relevant time period was first CIGNA and, later, Noridian.

14. To bill Medicare for services rendered, a provider submitted a claim form (Form 1500) to Noridian or CIGNA. Claims submitted were required to be truthful, complete, and not misleading. In addition, when a claim was submitted, the provider certified that the services or supplies covered by the claim were medically necessary.

15. A claim for Medicare reimbursement of DME was required to set forth, among other things, the beneficiary's name and HICN, the type of DME provided to the beneficiary, the date that the DME was provided, and the name and unique physician identification number ("UPIN") of the physician who prescribed or ordered the DME.

B.   THE OBJECT OF THE CONSPIRACY

16. Beginning in or about January 2006, and continuing through on or about September 25, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants SADIQR and MORENO, together with Adeshina and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit health care fraud, in violation of Title 18, United States Code, Section 1347, by submitting false and fraudulent claims for reimbursement for power wheelchairs and other DME purportedly supplied by Cooper.

C.   THE MANNER AND MEANS OF THE CONSPIRACY

17. The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

   a.   Defendant MORENO and other co-conspirators

1  obtained beneficiaries' Medicare information by recruiting
2  beneficiaries with promises of free DME, and by other means.
3              b.   Defendant MORENO and other co-conspirators
4  provided beneficiaries' Medicare information to Adeshina and
5  others.
6              c.   Adeshina and other co-conspirators used
7  beneficiaries' Medicare information to prepare false and
8  fraudulent documents, including prescriptions, patient files,
9  patient histories, and other documents, to support claims by
10 Cooper to Medicare for DME, such as power wheelchairs, power
11 wheelchair accessories, and scooters.
12             d.   After acquiring the false and fraudulent documents
13 described above from Adeshina and others, defendant SADIQR
14 knowingly submitted and caused to be submitted fraudulent claims
15 to Medicare, seeking reimbursement for DME such as power
16 wheelchairs, power wheelchair accessories, and scooters,
17 purportedly provided by Cooper to Medicare beneficiaries.
18 //
19 //
20 //

COUNTS TWO THROUGH NINE

[18 U.S.C. §§ 1347, 2(b)]

A. INTRODUCTORY ALLEGATIONS

18. The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 15 above as though set forth in their entirety here.

B. THE SCHEME TO DEFRAUD

19. Beginning in or about January 2006, and continuing through on or about September 25, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants SADIQR and MORENO, together with Adeshina and others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed and attempted to execute a scheme and artifice: (a) to defraud a health care benefit program, namely Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C. MEANS TO ACCOMPLISH THE SCHEME TO DEFRAUD

20. The scheme operated in substance as described in Paragraph 17 of this Indictment, which is hereby incorporated by reference as if stated in its entirety here.

D. THE EXECUTION OF THE FRAUDULENT SCHEME

21. On or about the dates set forth below, within the Central District of California and elsewhere, the defendant or defendants identified below, for the purpose of executing and

attempting to execute the fraudulent scheme described above, knowingly and willfully submitted and caused to be submitted to Medicare the following false and fraudulent claims for payment:

| COUNT | DEFENDANT | CLAIM NUMBER | SUBMITTED | AMOUNT PAID | NATURE OF CLAIM |
|---|---|---|---|---|---|
| TWO | SADIQR MORENO | 107325886835000 | 11/21/2007 | $4,057.70 | Power wheelchair and accessories for E.H. |
| THREE | SADIQR MORENO | 107325886833000 | 11/21/2007 | $4,057.70 | Power wheelchair and accessories for B.W. |
| FOUR | SADIQR MORENO | 107325886834000 | 11/21/2007 | $4,057.70 | Power wheelchair and accessories for S.C. |
| FIVE | SADIQR MORENO | 108028816605000 | 10/14/2008 | $4,057.70 | Power wheelchair and accessories for M.P. |
| SIX | SADIQR MORENO | 108028816604000 | 10/14/2008 | $0.00 | Power wheelchair and accessories for P.A. |
| SEVEN | SADIQR MORENO | 107325886832000 | 11/21/2007 | $4,057.70 | Power wheelchair and accessories for L.P. |

| | | | | | |
|---|---|---|---|---|---|
| EIGHT | SADIQR | 108100815115000 | 4/9/2008 | $4,057.70 | Power wheelchair and accessories for J.L. |
| NINE | SADIQR | 107303820444000 | 10/30/2007 | $4,057.70 | Power wheelchair and accessories for M.R. |

A TRUE BILL

/S/
_____
Foreperson

GEORGE S. CARDONA
Acting United States Attorney

*[signature: Christine Ewell]*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

DOUGLAS A. AXEL
Assistant United States Attorney
Chief, Major Frauds Section

BEONG-SOO KIM
Assistant United States Attorney
Deputy Chief, Major Frauds Section

CONSUELO S. WOODHEAD
Assistant United States Attorney
Senior Litigation Counsel, Major Frauds Section

KERRY C. O'NEILL
Assistant United States Attorney
Major Frauds Section